UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | Case No. 09-33076-SGJ-11 |
| REALTY AMERICA GROUP (LINCOLN | § | Pending in US Bankruptcy |
| | § | Court ND Texas |
| MALL), LP | § | |
| | § | |
| Debtor | § | |

| | | |
|---|---|---|
| | § | |
| IN RE | § | |
| | § | |
| REALTY AMERICA GROUP (LINCOLN | § | |
| MALL), LP | § | Judge Black |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary Proceeding No. |
| | § | 10-02708 |
| | § | transferred from |
| VILLAGE OF MATTESON, an Illinois | § | Northern District of Texas |
| Municipal Corporation, | § | |
| Defendant, | § | JURY DEMAND |
| | § | |
| | § | |
| CREDIT UNION LIQUIDITY SERVICES, LLC | § | |
| f/k/a TEXANS COMMERCIAL CAPITAL, LLC | § | |
| | § | |
| Intervenor. | § | |

**DEFENDANT VILLAGE OF MATTESON'S MOTION
TO WITHDRAW THE REFERENCE AND BRIEF IN SUPPORT THEREOF**

The Village of Matteson (the "Village"), Defendant in the above-referenced

adversary proceeding, hereby files this Motion to Withdraw the Reference and Brief in

Support Thereof pursuant to 28 U.S.C. § 157(d) and in support thereof states as follows:

**I. BACKGROUND**

Realty America Group (Lincoln Mall), LP (the "Plaintiff") brought its three-count

Complaint against Defendant, Village of Matteson ("the Village") alleging, *inter alia,*

Page 1 of 10
Motion to Withdraw the Reference

that the Village breached the terms of a Redevelopment Agreement (the "Agreement") thus causing it damage in the amount of approximately fourteen million dollars.

In or around 2003, the Plaintiff acquired land in Matteson, Illinois for a purchase price of ten million six hundred thousand dollars ($10,600,000.00) (the "Property"). According to the Complaint, the Plaintiff acquired the Property with the purpose and intent of redeveloping the land and adjacent tracts. See ¶ 5 of Complaint, attached hereto as Exhibit A. On April 7, 2004, the parties entered into the Agreement whereby certain obligations were incurred by the parties with respect to the Property. Specifically, the Agreement provided for cost sharing between the parties as well as a requirement that the Village pay for, or otherwise reimburse, the various project costs. The Plaintiff alleges that the Village breached the Agreement by failing to pay certain monies and accrued interest due and owing. In addition, the Plaintiff claims that the Village failed to pay the outstanding balance due on notes issued in 2007, along with the interest accrued after their issuance. Ex. A,¶ 12. It is further alleged that the Village failed to issue certain other notes in 2008, despite allegedly agreeing to do so in order to satisfy its outstanding obligations under the terms of the Agreement. Ex. A, ¶ 26. Finally, the Plaintiff seeks an accounting "of all funds collected and expended by the Village in connection with the Redevelopment Agreement of the Property…" Ex. A, ¶ 38.

Plaintiff originally filed the Complaint in the United States District Court for the Northern District of Texas, then the matter was transferred to the United States Bankruptcy Court for the Northern District of Texas. The Village filed a Motion to Withdraw the Reference and Brief In Support Thereof on September 4, 2009.

On December 17, 2009, the Bankruptcy Court entered its Report and Recommendation to District Court on Motion to Withdraw the Reference. In its Report, the Bankruptcy Court recommended that the District Court grant the Motion to Withdraw the Reference upon certification by the Bankruptcy Court that the parties are ready for trial with all pre-trial matters being handled by the Bankruptcy Court. Further, the Adversary Proceeding was stayed pending a determination of the Motion to Withdraw the Reference.   On November 11, 2010, Plaintiff-in-Intervention Credit Union Liquidity Services, LLC, f/k/a Texans Commercial Capital, LLC ("CULS") filed its Complaint in Intervention. See Complaint in Intervention, attached as Exhibit B.  In its Complaint, CULS essentially restated the claims pleaded by Realty in its Complaint and also alleged a claim seeking turnover of property to the bankruptcy estate.  See Ex. B.  The Village's Motion to Withdraw Reference was granted on September 27, 2010, as was the Village's Motion to Transfer Venue to the Northern District of Illinois on December 1, 2010.[1]  On May 6, 2011, the Village answered Plaintiff's Complaint and CULS' Complaint in Intervention.  See Answers, attached as Exhibit C and D.

As discussed below, the Village now seeks to have the district court withdraw the reference in this case.

## II. PRELIMINARY STATEMENT

1. This adversary proceeding is currently pending before the United States Bankruptcy Court of this district. On July 28, 2009 Realty America Group (Lincoln Mall) LP, the debtor in possession in the above-styled bankruptcy proceeding ("Debtor"), filed its Complaint in accordance with 28 U.S.C. §§ 157 and 1334.

---

[1] There was a substantial delay between the entry of the order in Texas transferring this matter to the Northern District of Illinois.  This delay appears to have been caused by confusion in the various clerk's offices involved in the transfer.

2.    On November 11, 2010, Plaintiff-in-Intervention Credit Union Liquidity Services, LLC, f/k/a Texans Commercial Capital, LLC ("CULS") filed it Complaint in Intervention.

### III. FACTUAL BACKGROUND

3. The Debtor is a Texas limited partnership and the Village is a municipality located in Cook County, Illinois and operating in accordance with the laws of the state of Illinois.

4. In 2003, the Debtor acquired land in Matteson, Illinois for a purchase price of $10.6 million ("the Property"). According to the Complaint, the Debtor acquired the Property with the purpose and intent of redeveloping the land and adjacent tracts. *See Complaint,* ¶ 5.

5. On April 7, 2004, the parties entered into a Redevelopment Agreement (the "Agreement") whereby certain obligations were incurred by the parties with respect to the Property.

6. According to the Complaint, the Agreement provided for a fifty-fifty cost sharing between the Village and the Debtor of any redevelopment costs. *Id. at* ¶ 7. The Complaint further alleges that pursuant to sections of the Agreement, the Village was obligated to reimburse the Debtor for private funds expended for acquisition, improvement, operation, leasing and management of the Property. *Id* at ¶ *8.*

7. The Debtor claims that the Village breached the Agreement by *inter alia,* failing to pay certain monies claimed as due and owing under the Agreement. Specifically, the Debtor claims that the Village has failed to pay the outstanding balance, as well as accrued interest from certain notes issued by the Village in 2007. It is further

alleged that the Village failed to issue certain other notes in 2008, pursuant to the terms of the Agreement. The Debtor demands these notes be issued.

8. Lastly, the Debtor seeks an accounting "of all funds collected and expended by the Village" in connection with the Redevelopment Agreement of the Property.

## IV. REQUEST FOR RELIEF

9. The Village respectfully requests that the reference with respect to this adversary proceeding be withdrawn by the District Court from the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d).

## V. ARGUMENT

**A.     Considerations for Granting Motion to Withdraw the Reference**

10. Section 157(d) authorizes the district court to withdraw in whole or in part, any case or proceeding referred under § 157(a) on timely motion of any party, for cause shown. In considering whether cause exists to withdraw the reference, courts have considered whether or not the matter is a core proceeding, whether it is a legal or equitable proceeding, and whether withdrawal will promote efficiency, prevent forum shopping, and result in uniformity in the administration of bankruptcy law. *See In the Matter of Powelson*, 878 F.2d 976, 983 (7th Cir. 1989). *See also In re K & R Express Sys v. LaSalle Bank Nat'l Assoc.,* 382 B.R. 443, 446 (N.D. Ill. 2007).

11. The Village contends that this proceeding is not a core proceeding. It does not consent to adjudication of the issues by the Bankruptcy Court. Thus, the Bankruptcy Court cannot finally adjudicate the matter, but, rather, can only make recommendations to the District Court. *See* 28 U.S.C. § 157(c). As the Bankruptcy Court's recommendation on the matter would be subject to *de novo* review, withdrawal of the reference will

promote judicial efficiency. 28 U.S.C. § 157(c)(1). Furthermore, the Village is entitled to a jury trial on the matter and does not consent to a jury trial in the Bankruptcy Court. In addition, withdrawal of the reference would prevent the Debtor's blatant forum shopping.

**B.      This Dispute is not a Core Proceeding**

12. As noted above, determination of whether or not this dispute is a core proceeding is the threshold determination in deciding whether cause exists to withdraw the reference. *See In re K & R Express Sys.,* 382 B.R. 443, 446 (N.D. Ill. 2007). All bankruptcy jurisdiction is created under 28 U.S.C. §1334 and is given to the federal district courts. The explicit grant of jurisdiction includes jurisdiction of a bankruptcy case itself and over civil proceedings "arising under Title 11, or arising in or related to cases under Title 11." Accordingly, there are three possible kinds of civil proceedings over which the district court may exercise jurisdiction: (a) arising under Title 11; (b) arising in a bankruptcy case; and (c) related to a bankruptcy case.

13. Bankruptcy courts in Illinois have ruled on the meaning of these terms. "Arising under" describes when the cause of action is based on a right or remedy expressly provided in the Bankruptcy Code. "Arising in" refers to when the proceeding does not arise under a specific statutory provision of the Bankruptcy Code but would have no existence but for the bankruptcy. *In re Conseco, Inc. v. Adams,* 318 B.R. 425, 428 (N.D. Ill. 2004). "Related to" occurs when the dispute 'affects the amount of property for distribution or the allocation of property among creditors.'" *In the Matter of Fedpak Sys., Inc.,* 80 F.3d 207, 213 (7th Cir. 1996).

14. Bankruptcy courts in Illinois have also ruled on the meaning of core proceedings. "[A] proceeding is core ... if it invokes a substantive right provided by

Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re K & R Express Sys.,* 382 B.R. 443, 446 (N.D. Ill. 2007). Conversely, non-core proceedings are those only marginally related to the bankruptcy, which often are state law causes of action. *See Id.*

15. The Seventh Circuit's conclusions in *FedPak* are consistent with 11 U.S.C. §157 in that bankruptcy judges "constitute a unit of the district court," and the district court may refer to them, which permits a bankruptcy judge to exercise a portion of the district court's bankruptcy jurisdiction. Specifically, 28 U.S.C. §157(b)(l) permits a bankruptcy judge to determine "core proceedings" "arising under" and "arising in," but not proceedings which are "related to." *See* 28 U.S.C. §157(c) (allowing a bankruptcy judge to hear, but not determine, noncore proceedings absent consent).

16. In *Barnett v. Stern*, 909 F2d 973 (7th Cir. 1990), the Seventh Circuit adopted the approach of *Wood v. Wood (In re Wood),* 825 F.2d 90 (5th Cir. 1987), which held that:

> a proceeding is core under section 157 if it invokes a substantive
> right provided by title 11 or if it is a proceeding that, by its nature,
> could arise only in the context of a bankruptcy case.

825 F.2d at 97.

The court found that the proceeding before it did not meet this test because it was based on state created rights, not on rights created by federal bankruptcy law. *Id.* It was simply a state contract action that, had there been no bankruptcy, could have proceeded in state court. *Id.*

17. Under *K & R,* the Debtor's Complaint is not a core proceeding; the Complaint pertains to matters, issues, or disputes that not only could exist, but have existed and do exist outside of bankruptcy. *K & R Express,* 382 B.R. 443 (N.D. Ill. 2007).

18. In addition, the Debtor's Complaint does not allege any facts to establish that this as a core proceeding but contains only an unsubstantiated and self-serving claim at the very beginning of its Complaint.

19. This dispute is unquestionably a non-core proceeding given that the causes of action asserted in the Debtor's Complaint were created by contract entered into in Illinois and affecting property in the state of Illinois. The Village has important Constitutional rights to have the dispute resolved by a jury and an Article III court in the event that it is decided in a federal court.

## C. Judicial Efficiency

20. Because the proceeding is a noncore proceeding, the Bankruptcy Court cannot finally determine it absent consent. 28 U.S.C. § 157(c). Review by the District Court would have to be by *de novo* review. *Id* Judicial efficiency would be served by allowing the contractual dispute to be resolved in the District Court.

## D. The Village Has a Right to Jury Trial

21. The matter is essentially a proceeding to determine whether the Village breached its obligations under the terms of the Agreement. The Debtor has alleged in its Complaint that the actions of the Village caused it to suffer damages exceeding $13 million.

22. In such a case, the Village is entitled to a jury for resolution of this issue. "The Supreme Court has established a two-part test to determine whether a claim is one in which a jury trial is afforded. First, the court must determine whether the action would historically have been brought in a court of law or a court of equity. Second, and more importantly, we must examine the remedy sought and determine whether it is legal or

equitable in nature. Historically, breach of contract claims are claims at law, while breach of fiduciary duty and unjust enrichment sound in equity. And, "where a jury trial is required by the Seventh Amendment, that trial must be held in the district court, sitting in its original jurisdiction in bankruptcy" *See In the Matter of Grabill Corp.,* 967 F.2d 1152, 1158 (7th Cir. 1992).

### E. Prevention of Forum Shopping

23. The Debtor commenced this bankruptcy in the Northern District of Texas. This, despite the fact that the Property, the signed Agreement, the outstanding notes at issue and virtually all negotiations took place or were otherwise completed in the State of Illinois. It was only when the Debtor decided to file for bankruptcy that it went to Dallas. Allowing Debtor to remain in Bankruptcy Court, even after the transfer of this matter to the Northern District of Illinois, would effectively deprive the Village of a fair trial on the alleged breach of the Agreement.

WHEREFORE, the Village prays that the Court grant its Motion to Withdraw the Reference and grant it any other relief this Court deems just.

Respectfully submitted,

VILLAGE OF MATTESON

By: _____
One of Their Attorneys

Thomas G. Gardiner
Barry C. Owen
GARDINER KOCH WEISBERG & WRONA
53 W. Jackson Blvd., Suite 950
Chicago IL 60604
Telephone 312.362.0000
Facsimile 312.362.0440
tgardiner@gkwwlaw.com
towen@gkwwlaw.com

## CERTIFICATE OF SERVICE

This is to certify that on this day of June 24, 2011, I served a true and correct copy

of the above and foregoing Motion on counsel of record for plaintiff and for the

intervenor by first class mail, postage prepaid, addressed as follows:


Toby L. Gerber, Esq.
Fulbright & Jaworski LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784

Jason S. Brookner, Esq.
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201

<u>_____</u>
Barry C. Owen

Case 10-02708   Doc 5-1   Filed 06/24/11   Entered 06/24/11 15:56:36   Desc Exhibit A
Case 09-03238-sgj   Doc 2   Filed 07/28/09   Entered 07/28/09 17:17:16   Desc Summons
in an Adversary Procee   Page 1 of 2

Case 1:11-cv-04591 Document #: 1 Filed: 07/07/11 Page 11 of 13 PageID #:11
Page 1 of 21

BTXN 117a (rev. 10/02)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In Re:<br>Realty America Group – Lincoln Mall, LP<br><br>Debtor(s)<br>Realty America Group (Lincoln Mall), LP<br>Plaintiff(s)<br>vs.<br>Village of Matteson<br><br>Defendant(s) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.:   09–33076–sgj11<br>Chapter No.:   11<br><br>Adversary No.:   09–03238–sgj |

## SUMMONS IN AN ADVERSARY PROCEEDING

To the above-named defendant:

You are hereby summoned and required to serve upon **David W. Elmquist,** Plaintiff's attorney (or if Plaintiff is not represented by counsel, upon Plaintiff), whose address is **Reed & Elmquist, P.C.**
**604 Water Street**
**Waxahachie, TX 75165** , either a motion or an answer to the complaint which is now served upon you. If you elect to respond first by motion, as you may pursuant to Fed. R. Bankr. P. 7012, that governs the time within which your answer must be served. Otherwise, you are required to serve your answer upon Plaintiff's attorney (or upon Plaintiff if Plaintiff is not represented by counsel) within 30 days of the date of issuance of this summons by the clerk (or by the following date prescribed by the court: N/A) except that the United States or an office or agency thereof shall serve an answer to the complaint within 35 days after the date of issuance of the summons.

*{If this summons and complaint is served in a foreign country}* Service of your answer must be made by the following date prescribed by the court N/A.

The motion or answer served by you must be filed with this court before service or within a reasonable time after service. **IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS SUMMONS, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

DATED: 7/28/09

FOR THE COURT:
Tawana C. Marshall, Clerk of Court

by: /s/M. Mathews, Deputy Clerk





In Re: Realty America Group (Lincoln Mall), LP v. Village of Matteson
Case No. 09-33076-sgj11 -11
Adv. No. 09-03238-sgj

## SUMMONS SERVICE EXECUTED

I,_____

of**_____

certify:


That I am, and at all times hereinafter mentioned was, more that 18 years of age;

That on the _____ day of _____,_____ I served a copy of the within summons, together with the complaint filed in this proceeding, on




the defendant in this proceeding, by *{describe here the mode of service}*




the said defendant at

　.


I certify under penalty of perjury that the foregoing is true and correct.


Executed on _____   _____
                     *(Date)*                              *(Signature)*


** _____
     *State mailing address*

BTXN 090 (rev. 03/06)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS

In Re:
Realty America Group – Lincoln Mall, LP

§
§
§

Case No.:   09–33076–sgj11

Debtor(s)

§
§

Chapter No.:   11

Realty America Group (Lincoln Mall), LP

§
§

Plaintiff(s)

§
§

Adversary No.:   09–03238–sgj

vs.

§
§

Village of Matteson

§
§

Defendant(s)

§

## ORDER REGARDING ADVERSARY PROCEEDINGS TRIAL SETTING AND ALTERNATIVE SCHEDULING ORDER

An adversary complaint is set for trial routinely at the time of its filing. Special settings or pretrial conferences may be scheduled by contacting the appropriate Courtroom Deputy.

**TRIAL** is set before the **Honorable Stacey G. Jernigan at 1100 Commerce St., Dallas, 14th Fl., Courtroom #1** the week of **December 21, 2009**. Docket call for this trial will be held on **December 14, 2009** at **1:30 PM** at **1100 Commerce St., Dallas, 14th Fl., Courtroom #1**. A pretrial conference shall be scheduled by the parties at least seven (7) calendar days prior to trial docket call in a complex adversary proceeding if the parties anticipate that trial will exceed one day or if there are preliminary matters that should be addressed by the Court prior to the commencement of trial.

### PART I: INSTRUCTIONS

1. Plaintiff is responsible for ensuring that proper service is provided to each defendant. The Clerk shall issue one original summons, which shall be conformed by the plaintiff for service on multiple defendants. Federal Bankruptcy Rule 7004(e) requires you to serve the fully completed **SUMMONS** form and a copy of the **COMPLAINT** on each defendant within ten (10) days of issuance. In addition, the Court also directs that this **ORDER** *be served with the* **SUMMONS and COMPLAINT.**

2. Plaintiff shall file a **RETURN** on the **SUMMONS** with a **CERTIFICATE OF SERVICE** that provides the name and address of each party served and the manner of service.

3. If a trial setting is passed for settlement at trial docket call and no written request is filed to retain the case on the Court's docket, an automatic Dismissal Without Prejudice shall be entered on or after four (4) weeks. The Court's Trial Calendar is available on the court's web site at www.txnb.uscourts.gov.

### PART II: GENERAL PROVISIONS GOVERNING DISCOVERY

1. Unless otherwise ordered by the Court, the disclosures required by Federal Bankruptcy Rule 7026(a) shall be made within ten (10) days of the entry of a scheduling order, including the Alternative Scheduling Order contained in Part III below (which shall become effective on the forty–sixth day following the entry of this Order.

2. Unless the parties agree or the Court orders otherwise, Federal Bankruptcy Rule 7026(f) requires that parties shall confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Bankruptcy Rule 7026(a)(1), to develop a proposed discovery plan, and to submit a proposed scheduling order. The parties shall confer with each other regarding these matters within thirty (30) days of the service of the Summons unless the Court orders otherwise.

3. During such conference, the parties may agree to waive the requirement of submitting their own proposed scheduling order and may follow the terms and deadlines contained in the Alternative Scheduling Order set forth in Part III below (the "Alternative Scheduling Order"). If the parties do not submit a proposed scheduling order or do not schedule a status conference with the Court to discuss the provisions and deadlines of a scheduling order within forty–five days of the filing of this adversary proceeding, then the parties are deemed to have consented to the terms of the Alternative Scheduling Order.

### PART III: ALTERNATIVE SCHEDULING ORDER